The People
v.
Stager.

THE PEOPLE *vs.* STAGER.

A party, bound to *appear* at a court of criminal jurisdiction and answer what shall be objected against him, *forfeits* his recognizance if he *departs without leave ;* it is no answer to a suit on the recognizance, that he appeared and was *ready to answer,* if, at a subsequent day of the court, he did not appear when demanded.]

The clause " that he shall not depart until discharged" is not necessary to be inserted in the recognizance, in respect to the charge upon which the recognizance is entered into ; its use is to detain the party upon other charges that may be exhibited against him ; and if such other charges are presented, and the party is convicted and refuses to appear after personal notice, the recognizance is forfeited.

If, however, *after* a recognizance is entered into, the party charged is *arrested* on a *bench warrant* issued upon an indictment for the same offence and he subsequently escapes, his *bail* are discharged.

After such arrest, the proper course, *it seems,* would be for the public prosecutor to require new bail, or move for the commitment of the defendant.

DEMURRER to pleas. The declaration was on a *recognizance,* entered into by the defendant on the 6th December, 1830, before a justice of the peace, conditioned that one James Anderson should *personally appear* at the then next court of *general sessions* of the peace, to be holden in the county of Monroe, *to answer* what would then and there be objected against him by James Lewis on behalf of the people. It was averred that the recognizance was, on the 7th December, 1830, brought into the general sessions and recorded ; that a court of general sessions, next after the taking of the recognizance, was held at, &c. in the said county, on the *eighteenth* day of December, 1830, and that Anderson, although solemnly called, did not appear, and that his default was duly entered on the records of the court ; by means whereof an action accrued, &c. The defendant put in *two pleas :* 1. That Anderson did personally appear at the next general sessions of the peace holden in and for the county of Monroe on the *fifteenth* day of December, 1830, and was then and there *ready to answer* what might be objected against him by James Lewis in behalf of the people, *and did answer* the same, concluding to the country ; and 2. That *after* entering into the recogni-

NEW-YORK,
May, 1833.

The People
v.
Stager.

zance by the defendant, and *before* the default mentioned in the declaration, Anderson was *arrested*, at the said court of general sessions, on the 15th December, 1830, by a constable, by virtue of a *bench warrant* issued against him and three others, who, it was alleged in the warrant, stood indicted in the said court for a riot ; that after such arrest, to wit, on the *fifteenth* day of December, Anderson was taken into the court of general sessions, and arraigned on the charge mentioned in the bench warrant ; that he demanded a trial upon such arraignment, and that the court afterwards permitted him to escape and go at large. The defendant avers that the offence mentioned in the bench warrant, and the offence which by the recognizance he had bound himself Anderson should answer, was one and the same offence ; concluding with a verification and prayer of judgment. To these pleas there was a demurrer.

*S. Stevens*, for the people. The defendant engaged that Anderson should *appear* at the next general sessions of the peace and *answer* what should there be objected against him. The declaration alleges that, at the next general sessions, to wit, on the *eighteenth* day of December, Anderson was called and made default in not appearing. The first plea is no answer to the declaration ; the averment that Anderson appeared on the *fifteenth* day of December, and was then and there *ready to answer*, cannot be pretended to be an answer to the allegation that he made default on the *eighteenth*. Nor is the second plea good, if Anderson, after his arraignment, was permitted by the court to go at large, it was because it was known that he was out on bail, and that the defendant was responsible not only for his appearance, but that he should *remain* until discharged by due course of law.

*M. T. Reynolds*, for the defendant. The recognizance was only that Anderson should *appear*, and not that he should *remain*. He did appear on the *fifteenth* day of December, *ready to answer*, and thus performed the condition of the recognizance. When arraigned, he should have been committed or new bail required of him, especially in this case, when he had

been taken out of the custody of his bail. When Anderson was arrested on the bench warrant, his bail lost all control over him ; he was taken into the custody of the law, and his arrest subsequent to the recognizance was equivalent to a surrender by the bail and a discharge of the recognizance. In *Bradford* v. *Consaulus,* 3 *Cowen,* 128, it was held that the commitment of a party on a charge of *felony,* who previous to such commitment was on the limits of a jail as a confined debtor, was a discharge of his sureties for the limits ; and it is insisted that the same principle, applied to this case, discharges the defendant from his recognizance. Besides, it is submitted that the declaration is bad in not averring that Anderson *did not answer,* as well as that he *did not* appear ; and to have justified such averment, it should have been alleged that an indictment had been found, so that there should be something to answer unto.

*Stevens,* in reply. One breach is sufficient to sustain the action. The finding of an indictment is not, in a case of this kind, in the nature of a condition precedent ; it was the duty of Anderson to *appear* at the sessions and to *remain* until discharged, whether called upon to answer to any specific charge or not. A recognizance is the acknowledgment of a debt of record, and has many of the attributes of a judgment ; it binds the lands of the cognizor, and an execution may be issued upon it. 4 *Wendell,* 390. Nothing, therefore, but a strict compliance with the terms of the condition, can discharge the cognizor.

*By the Court,* SAVAGE, Ch. J. The first plea is clearly no answer to the declaration. The recognizance is stated to be upon condition that Anderson should appear and answer. The plea is that he appeared and was *ready to answer.* This is not sufficient ; the person bound by such a recognizance is not at liberty to depart after once making his appearance in court ; he must remain until duly discharged. Serjeant *Hawkins* is of opinion that it is a breach of such a recognizance to appear and stand mute, but admits that the practice is the other way, and adds that if a man's bail, who are jailers

NEW-YORK, May, 1833.

The People v. Stager.

of his own choosing, do secure his appearance as effectually and put him as much under the power of the court as if he had been in the custody of the proper officer, they seem to have answered the end of the law, and done all that can reasonably be required of them. *Hawk. P. C. b.* 2, *ch.* 15, § 84. *Bacon's Abr. tit. Bail in Crim. Cas. L.* Had he been in the custody of the proper officer, he could not have been discharged without answering the charge against him, and being set at liberty on proclamation.

Is the second plea an answer to the declaration which charges that on the 18th of December Anderson made default in appearing, and that his default was entered? If I am right in saying that the condition to answer to what shall be alleged against him is not performed, if the defendant depart otherwise than by leave of the court, then the plea is defective, unless the arrest on the bench warrant is an answer. Any other construction would require that the moment a man is arraigned and pleads, he must either give *new bail* or be *committed, or he is at liberty to depart.* The true meaning of the recognizance is, that the party shall not only appear, but answer the charge, and, in the language of *Hawkins,* put himself as much under the power of the court as if he had been in custody. It is usual for the recognizance to contain a further condition, to wit, that the party shall not depart till he shall be discharged by the court. Such a condition, I apprehend, is unnecessary, as respects the charge upon which the recognizance is entered into; but is intended to detain the party, should other charges be made against him. *Hawkins* says, " If persons be bound by recognizance that J. S. shall appear in the K. B. on such a term, to answer such an information against him, *and not depart till he shall be discharged by the court,* and afterwards the attorney general enter a *nolle prosequi* as to that information, and exhibit another upon which the defendant is convicted and refuses to appear in court after personal notice, the recognizance is forfeited; for being express that the party shall not depart till he be discharged by the court, it cannot be satisfied unless he be forth-coming and ready to answer to any other information exhibited against him while he continued not discharged.

It was contended by the defendant's counsel that the principle of the case of *Bradford* v. *Consaulus,* 3 *Cowen,* 128, was applicable to this case. There a person confined upon the limits on civil process, who had given bail for the limits according to the statute, was arrested upon a criminal charge and committed to close custody, from which he escaped; it was held that his sureties were discharged when the sheriff deprived him of the liberties of the limits. By the statute, a bond for the limits can be taken from a person who is confined on *civil process only ;* a bond taken from a person confined on criminal process would be unauthorized and void. One object of the recognizance is, to obtain the enlargement of the person charged from confinement ; and if after the recognizance is entered into, he should not be set at liberty, the recognizance ought not to be enforced. Another object of the recognizance is to cause the accused to appear and answer the charge, and submit to such punishment, if any, as shall be adjudged ; if that object has been answered by his subsequent arrest, then the bail are discharged, but not otherwise. It cannot be denied that the people had it in their power to detain the accused when he was arrested on the bench warrant ; and the condition also of the recognizance, the liberty of Anderson, was broken by the plaintiffs, and a strong argument arises in favor of the defendant. The inclination of my mind is in favor of the sufficiency of the second plea. Had not the bail reason to think himself discharged when his principal was arrested on the same charge? The principal was then placed under the control and custody of the officers of the public, precisely as he would have been had the bail surrendered him. New bail might undoubtedly have been exacted, or the principal might have been imprisoned, else the public prosecutor had no right to issue the warrant. The warrant was regular ; the district attorney may ascertain the insufficiency of bail, or the defendant may not appear, and in such case a person indicted ought not to escape ; but if he is so arrested, it seems to me such arrest should discharge the bail.

Judgment for plaintiffs on the demurrer to the first plea, and for defendant on the demurrer to the second plea,