By the Court,

Nelson, Ch. J.
The plea is no answer to the cause of action set forth in the declaration. The forfeiture accrued and the right of action became complete on the default for not appearing alleged in the declaration. The condition of the recognizance was then broken, and the parties to it became absolute debtors to the people for the amount of the penalty. (1 Chitty's Cr. L. 92, Am. ed. of 1836.)
In the case of The People v. Bartlett, (3 Hill, 570,) we held that an imprisonment of the accused in another county on a criminal charge, until after the day of appearance, excused the default. So in the case of The People v. Stager, (10 Wend. 431,) it was held that an arrest ón a bench warrant upon the same indictment, before the default for not appearing, would discharge the bail.
But there is neither authority nor principle for the position that a subsequent arrest and discharge can work any such consequence. The plea virtually assumes that the prisoner, after having broken his recognizance, may compel the people to elect between the penalty and the crime. This cannot be maintained.
We have examined the several objections taken to the declaration, and are satisfied that there is no foundation for them, especially as none are to be regarded here but such as relate to matters of substance.
Judgment for the plaintiffs.