## THE PEOPLE *vs.* LUTHER J. McCOY.

A recognizance taken in a criminal case, conditioned that the prisoner shall appear at the next court of oyer and terminer, to answer to an indictment; that he shall " not depart without leave of the court;" and that he shall " abide its order and decision," by its terms requires, substantially, his appearance on the first day of term and *de die in diem* during its continuance, unless discharged by the court.

The obligation to appear at the next court of oyer and terminer is not answered by an appearance on the first day of the term, or by appearing and submitting to a partial trial.

The meaning of the condition is not that the prisoner shall simply submit to a trial, but that he shall at all times until surrendered, or ordered into custody, submit himself to the jurisdiction or authority of the court; and that he shall be held to answer during the whole term of the court, and until the trial is ended.

If the prisoner appears in court, answers when called, and without having been surrendered by his bail, or ordered into the custody of the sheriff, enters upon his trial, but before the same is finished he departs from the court without leave, and does not return again to abide the order and decision of the court, his recognizance is forfeited.

Where a recognizance is taken in the proper court of oyer and terminer, and is returnable " at the next court of oyer and terminer," the fair interpretation of the words employed is that the court of oyer and terminer of the county where the indictment was found, and where it could be tried, and in which the recognizance was taken, is intended, and therefore the recognizance is not void for uncertainty.

THIS was an action on a recognizance and was tried before Justice SUTHERLAND and a jury, at the October circuit, 1861, in Rensselaer county. The recognizance was taken before the Rensselaer oyer and terminer, and is as follows :

" *The People* vs. *James L. McCoy.* May oyer and termi-
ner, 1860. The prisoner as principal, and Luther J. McCoy
as bail, appeared in court, and acknowledged themselves in-
debted to the people of the state of New York, each in the
sum of three thousand dollars, to be levied of their respective
goods and chattels, land and tenements, to the use of the
said people, if default shall be made in the following condi-
tion : The condition of this recognizance is such, that if the
above bounden James L. McCoy, the prisoner, shall person-
ally appear at the next court of oyer and terminer to answer
to his indictment for burglary and grand larceny, and shall
not depart without leave of the court, and abide its order and
decision, then this recognizance to be void, otherwise full of
force and virtue." The complaint alleged that the prisoner
did not appear at the next court of oyer and terminer in
Rensselaer county, but made default, and the recognizance
was forfeited and ordered to be prosecuted. The answer set
up that McCoy the prisoner appeared in court, answered
when called, and did abide the order and decision of the court
by submitting to be there tried ; that he continued in court
the entire day on the 9th of October, 1860, and was taken
charge of by the court. That the trial being unfinished the
court adjourned from the 9th to the 10th of October, without
making any order as to taking him into custody, and without
taking him into custody, and that without the knowledge,
consent or connivance of the defendant, he departed from said
court and failed and refused to return again into court.

It was admitted on the trial by the counsel for the defend-
ant, that the recognizance was estreated and ordered to be
prosecuted, as charged in the complaint, on the 10th day of
October, 1860. The plaintiff then rested. The defendant
then proved that at a court of oyer and terminer held in the
county of Rensselaer, in October, 1860, James Luther McCoy
was tried upon the indictment mentioned in the recognizance.
The trial was moved by the district attorney on the 9th of
October, 1860, in the morning. The defendant in the in-

dictment was called, on motion of the district attorney. He answered and was present in court. A jury was impanneled to try the indictment, and the trial commenced and continued till the close of the day on the 9th. The district attorney was engaged in introducing evidence for the people on the whole of that day. James L. McCoy sat by his counsel the whole of that day, and his counsel cross-examined the people's witnesses under his direction. He continued in court until the court adjourned. The court adjourned at evening, without concluding the trial, until the morning of the 10th at 9½ .o'clock. At the adjournment of court, the defendant was in court. The court made no order as to the custody of the defendant, and the sheriff took no control of him, and no control was exercised over him by the court. He went out of court at the same time that his counsel did, by his side. At the opening of the court on the morning of the 10th, at 9½ o'clock, the prisoner was not there. He was called and did not answer. He never appeared in court again. He went at large and escaped. The testimony here closed, and the counsel for the respective parties then summed up. The court charged the jury that the plaintiff was entitled to a verdict; to which charge the defendant's counsel excepted. The defendant's counsel then requested the court to charge the jury that the evidence showed that the defendant's duty under the recognizance had been fulfilled. The court refused so to charge; to which ruling the defendant's counsel excepted.

The jury rendered a verdict in favor of the plaintiffs for $3000, and an order was made that the defendant have time to prepare and serve a case and exceptions, and that the exceptions be heard in the first instance at the general term.

*M. I. Townsend,* for the defendant.

*G. Van Santvoord,* for the plaintiffs.

*By the Court,* MILLER, J. It is contended that the condition of the recognizance has been fulfilled. That the prisoner

placed himself under the power and control of the court, and in the custody of its officers, by appearing to answer the indictment, and entering upon his trial, and he was thereby surrendered, and the surety became discharged. The condition of the recognizance was not only to appear at the next court of oyer and terminer to answer to an indictment for burglary and larceny, but also that he should " not depart without leave of the court," and that he should " abide its order and decision." ' The prisoner did depart without leave, and did not appear to abide the order and decision of the court, and his recognizance was duly forfeited. His default cannot be excused unless the ·performance of the condition has been rendered impossible by the act of God, or of the law, or of the obligee. (*The People* v. *Bartlett,* 3 *Hill,* 570. *The People* v. *Manning,* 8 *Cowen,* 297.) ' It is no answer to a suit on the recognizance to say that he appeared and was ready to answer, if at a subsequent day of the court he did not appear when demanded. It was his duty to remain until discharged by the court. (*The People* v. *Stager,* 10 *Wend.* 431.) He forfeits his recognizance if he departs without leave.

The obligation to appear at the next court of oyer and terminer is not answered by an appearance on the first day of the court, or by appearing and submitting to a partial trial. The terms of the recognizance require, substantially, the appearance on the first day of term and *de die in diem* during its continuance, unless discharged by the court. Whether he is called on the *first day or not,* he must remain and be ready to answer on any subsequent day, whatever may be alleged against him. (*The People* v. *Blankman,* 17 *Wend.* 256.) It can scarcely be said that he has placed himself entirely in the control of the court, because the trial had commenced, when he had not been either surrendered by his bail, or ordered into the custody of the sheriff. He was not called to answer under the recognizance, and was not substantially in the power of the officer or court to whom the appearance was due,

The People *v.* McCoy.

within the meaning and intent of the condition. The recognizance does not intend that he shall simply submit to a trial, but that he shall at all times until surrendered, or ordered into custody, submit himself to the jurisdiction or authority of the court. It is intended to hold the prisoner to answer during the whole term of the court, and until the trial is ended. Such is the uniform practice, and it would be extraordinary to compel a prisoner to renew his recognizance at the commencement of his trial, for the remainder of the term. In fact if this practice should obtain I see no reason why the same process should not be required at the opening of the court on each day. He is not only bound to appear and answer the indictment, but " he is not to depart without leave, and is to abide its order and decision." Can it be said that he fulfills these requirements when he leaves before the trial is ended, and when he is not present to abide the order and decision of the court upon the final termination of the trial? The object of the recognizance has not been answered. The condition has not been performed. The appearance of the prisoner has not been secured, and the surety is liable to pay the penalty.

In the case of *The People* v. *Stager*, (10 *Wend.* 431,) the people had the prisoner in their power. He was arrested and in custody, and the bail had every reason to believe that they were discharged. The principal did in fact appear, and answer the indictment against him, and was as much in custody as if he had been surrendered. In *Bradford* v. *Consaulus*, (3 *Cowen*, 128,) the consideration of the bond had failed by the prisoner's arrest on a criminal charge. The act of the law rendered the bond null and void, and of course as there was no obligation there could be no forfeiture. In both of these cases there was a substantial arrest or taking of the body into the custody of the court or its officer according to law, and the condition had been virtually fulfilled. The decision of the court in neither of these cases sustains the position con-

tended for, and I am of opinion that the objection considered cannot prevail.

It is also insisted that the particular court of oyer and terminer at which the prisoner was bound to appear, is not named in the recognizance, and hence it is void for uncertainty. This point does not appear to have been presented separately to the court below, and perhaps cannot be properly raised under the general exception to the charge of the judge. But I do not think it is well taken otherwise. In *Grigsley* v. *The State*, (6 *Yerger*, 354,) the recognizance was to be void on condition that the prisoner make his personal appearance *here* on the first Thursday after the first Monday of February next, &c. The scire facias issued recited that it was to be void on condition that the prisoner make his appearance in court. It was held that under a plea of *nul tiel record* the variance between the record and scire facias was fatal. The decision was put upon the ground that no court was mentioned in the recognizance, and the court could not gather from it alone, in what court it was taken, or where, or before what tribunal the prisoner was bound to appear; and as the terms of the undertaking contained in the recognizance did not require the defendant to appear before the circuit court in which it was taken, he could not be said to have forfeited his undertaking by failing to appear

This case is distinguishable from the one now considered. The expression employed was quite general. It was not returnable before any court, and none is designated i it. Besides, the point arose on a plea of *nul tiel record* to a scire facias. Upon principle, also, I think there is a wide difference. The recognizance upon which this action is brought was taken in the court of oyer and terminer of Rensselaer county, and conditioned for the appearance of the prisoner at *the next court* of oyer and terminer. The indictment was found in Rensselaer county, and the court of oyer and terminer of that county, and none other in the state, had jurisdiction to try the prisoner on the indictment. It was clearly

the intention that he should appear there, and it appears that he did so appear in pursuance of that intention, and submitted to a partial trial. The next court of oyer and terminer mentioned could not have meant a court which had no jurisdiction to try the offense. The recognizance being taken in the proper court, and in the court of oyer and terminer, and returnable at the next court of oyer and terminer, I think the fair interpretation of the words employed is that the court of oyer and terminer of the county where the indictment was found, and where it could be tried and where the recognizance was taken, was intended. No other reasonable construction can be placed upon the words employed, and this is apparent on its face. For the reasons given, a new trial should be denied, with costs.

[ALBANY GENERAL TERM, May 5, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]