PEOPLE ex rel. VAN AKEN v. MILLHAM. 151

THIRD DEPARTMENT, JANUARY TERM, 1883.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EPHRAIM L. VAN AKEN, OVERSEER OF THE POOR, ETC., RESPONDENTS, v. GEORGE MILLHAM AND BENJAMIN TURNER, APPELLANTS, IMPLEADED WITH WARREN MILLHAM.

*Bond taken in bastardy proceedings, for the appearance of the accused — is to be strictly construed in favor of the sureties — when they are discharged by an adjournment.*

Bastardy proceedings instituted against the defendant, Warren Millham, were adjourned from May twenty-eighth to June seventh. On that day the defendant appeared and the hearing proceeded throughout the day. The proceedings were then adjourned by consent to June twenty-sixth. On that day said defendant failed to appear. At the time of the first adjournment a bond with two sureties

was given which recited the proceedings and the adjournment to June seventh. It was conditioned to be void if the said Warren Millham should personally be and appear before the justices at the time and place aforesaid, and not depart therefrom without the leave of the justices. At the time of the second adjournment said defendant and one of the sureties were present. It was stated by the counsel for the two parties, in their presence, that the bond was to be held good. *Held*, that the sureties were discharged from all liability by the second adjournment.

Aᴘᴘᴇᴀʟ from a judgment in favor of the plaintiff, entered upon a verdict directed by the court upon a trial of this action at the circuit.

This is an action upon a bond given in bastardy proceedings on the adjournment of the examination. The first hearing had been had on the twenty-eighth day of May. The proceedings were adjourned to June seventh. On that day the hearing proceeded through the whole day, and the defendant therein was present. The hearing was then adjourned by consent to June twenty-sixth, on which day the defendant in the proceedings did not appear. This action is brought for the alleged breach of the bond in failing to appear on that twenty-sixth day of June.

The bond is with two sureties; is dated May twenty-eighth; recites the proceedings and the determination to adjourn to June seventh, and is conditioned that if the said Warren Millham shall personally be and appear before the said justices at the time and place aforesaid, and not depart therefrom without the leave of said justice, then, etc.

At the time of the adjournment on June seventh, one of the sureties was not present. Conversation was had between the counsel on both sides, in the presence of the defendant in the proceedings and the other surety, to the effect that the bond was to hold good.

Judgment was rendered against the obligors, and the two sureties appeal.

*A. T. Clearwater*, for the relator.

*William Lounsbury*, for the appellants.

Lᴇᴀʀɴᴇᴅ, P. J.:

The conversation in regard to the bond, had between the counsel, cannot affect the liability of the absent surety. Nor can it affect the liability of the surety who was present. He was not a party to

PEOPLE ex rel. VAN AKEN v. MILLHAM.    153

THIRD DEPARTMENT, JANUARY TERM, 1883.

the proceeding. The counsel who spoke was not his counsel. Nor could he be required to object to any statements by the counsel, of the legal effect of the bond.

The case of *People* v. *Jayne* (27 Barb., 58) holds that a bond conditioned to appear on a certain day and not depart without leave, is valid; and also that such a bond is broken, if the accused person departs during that day and before the final decision. It decides nothing on the question whether, if the justices make another adjournment to a day some three weeks distant, the sureties are bound to produce the accused at that time. So the case of *People* v. *McCoy* (39 Barb., 73) decides that a recognizance to a term of the Oyer and Terminer requires the party to be present at any time during that term before his case is disposed of. Such a recognizance, unlike the present bond, requires him to abide the decision of the Court. But the case does not decide that such recognizance binds him to appear at another term. (*People* v. *Greene*, 5 Hill, 647.)

The obligation of these sureties cannot be extended beyond the language of the bond. They bound themselves that their principal should be before the justices on a certain day and should not depart without their leave. He was there that day and the whole of that day, and he departed with their leave. He performed the condition. So in the case of *People* v. *Greene* (*ut supra*), the bond was to the Court of Sessions. The accused party appeared. The Court assumed to continue the bond, and the matter to the next term. It was held that the sureties were not liable.

If the justices can adjourn a proceeding of this kind and continue the obligation of the sureties, then the sureties are bound to produce the accused at a day on which they never undertook to have him present.

It is said that the leave to depart was conditional. The condition, if any, was that the accused should promise to appear on the twenty-eighth. But the sureties did not promise to produce him.

The judgment should be reversed, new trial granted, costs to abide event.

Present — LEARNED, P. J., and BOARDMAN, J.

Judgment reversed, new trial granted, costs to abide event.