The People of the State of New York ex rel. The Commissioners of Charities and Corrections, etc., on the Complaint of Maude M. Halliday, Respondent, *v.* Charles C. Schildwachter, Jr., Appellant.

*Appeals from orders of filiation — offer of evidence on the trial — Code of Criminal Procedure, § 851.*

Appeals to Courts of General Sessions from orders made by magistrates respecting bastards, like appeals from District Courts to a County Court, involve a new trial, and it is only upon showing that the mother of the bastard is dead or insane that her former evidence will be admissible on such new trial.

In bastardy proceedings evidence affecting the complainant's chastity subsequent to the birth of her illegitimate child, or long prior to the period of gestation, has no material bearing upon the question at issue, as to whether the defendant was the father of the child.

An offer to produce testimony, some of which is good and some bad, affords no reason for the reversal of a judgment rendered against the person making such offer.

If, however, without permitting the production of any witness on behalf of the person making such offer the court gives judgment against him, and thus excludes the presentation of evidence on his behalf, the only course open to him is to make an offer to submit such evidence as he is able to produce if allowed to do so.

Section 851 of the Code of Criminal Procedure affects only appeals to the Court of General Sessions, and where the defendant in bastardy proceedings gave an undertaking only for his appearance, the Court of General Sessions is at liberty upon an appeal from the order of filiation made in the proceeding to review the entire order made by the magistrates.

Appeal by the defendant, Charles C. Schildwachter, Jr., from an order of filiation, made by two police justices of the city of New

York on the 14th day of June, 1894, and also from an order of the Court of General Sessions of the Peace held in and for the city and county of New York, entered in the office of the clerk of the Court of General Sessions of the Peace on the 28th day of December, 1894, affirming the said order of filiation.

*David Welch*, for the appellant.

*David Milliken, Jr.*, for the respondent.

O'Brien, J. :

The relator alleged that on the 13th day of August, 1892, in the city of New York, she was delivered of an illegitimate child, and that the defendant is the father. On the 12th of May, 1894, the defendant on this charge was arrested on the complaint of one of the charity commissioners and gave a bond for his appearance before the police justices. An examination into the merits was had before two police magistrates, and to sustain the charge the relator testified that on November 28, 1891, she had sexual relations with the defendant, and that she gave birth to a male child of which the defendant is the father. Another witness testified to admissions made by the defendant that he was the father. On the other hand, many witnesses were called by the defendant who testified to facts and circumstances for the purpose of impeaching the complainant's character for chastity, but no evidence was introduced of sexual intercourse between her and any other person within the period of gestation nor within a period of three months prior thereto.

The judges at Special Sessions sustained the charge and made the order of filiation, upon which the defendant gave an undertaking for his appearance at the General Sessions and took an appeal to that court. By stipulation, the testimony of the relator was taken before one of the clerks of the General Sessions, and questions having arisen as to rulings upon the admissibility of evidence, the proceedings were removed before the court. The record shows that upon the parties appearing, and without any further evidence being taken, the court said : " It is conceded on the record that within the period of gestation the defendant, Charles C. Schildwachter, Jr., has had connection with this relator ; even though it should appear that two hundred and fifty others had also within the same period criminal con-

nection with her, I shall hold and sustain the order of filiation." To this ruling an exception was taken, and the counsel for the defendant said : " I now offer to prove to the court that outside of the acts of the defendant in having had relations with this woman within the period of gestation, other men have had similar relations with her during the same period of time ; I also offer to prove the separate and distinct acts and transactions of this woman, the relator, prior to the period of gestation, and connect her with consorting with prostitutes and other disreputable persons, men and women ; * * * and more particularly referring to the period of on or about November 28th, 1891, and also subsequent to the birth of the child, August 13, 1892 ; that counsel also wishes to offer in evidence to impeach the credibility of the relator by documentary and other proof." The court said : " In the light of all that counsel has stated that he desires to prove, he having conceded that his client has had criminal relations with the relator within the period of gestation, I think that would be sufficient to sustain the order of filiation made by the court below." To which the counsel for defendant said : " I take exception to your Honor's ruling, refusing to give me an opportunity to present these witnesses and present such proof." Thereupon, against the defendant's objection, the record in the case in the Court of Special Sessions was offered in evidence and admitted, to which ruling defendant's counsel also excepted.

The extracts made from the record are sufficient to show the danger of a departure from the regular procedure in the trial of any question before the court. Section 864 of the Code of Criminal Procedure, which relates to " appeals from the orders of magistrates respecting bastards," provides : " The court (meaning the General Sessions) must immediately, or at any other time it may appoint, proceed to hear the allegations and proofs of the parties; and the party in whose favor the order was made must support it by evidence. If the mother of the bastard is dead or insane, her testimony on the examination before the magistrate is receivable in evidence." It will thus be seen that appeals from magistrates to the Court of General Sessions, like appeals from District Courts to a County Court, involve a new trial, and it is only upon showing that the mother is dead or insane that her former evidence would be admissible upon such trial. That there was no new trial before the Gen-

eral Sessions this record discloses. The relator was produced and examined in chief before one of the clerks, and before her examination was finished the dispute in regard to certain questions arose between counsel, and the whole matter was then brought before the court. The cross-examination of the relator was not again resumed, and the defendant was not permitted to introduce any evidence, the learned judge having concluded that there was sufficient in the testimony already taken before the clerk and in the other record before the police magistrates, together with the statement of counsel for the defendant (who practically admitted the relations between the defendant and the relator in November, 1891), to justify an affirmance of the order of filiation made by the police justices. We do not think the court had the right to deprive the defendant of the benefit secured to him by appeal of having a new trial upon the charge, which included not only the right fully to cross-examine the relator, but also to produce and examine his own witnesses.

We think it was also error to admit the testimony and all the proceedings taken before the police magistrates. It may be urged that the manner in which the defendant attempted to present his proof in the form of wholesale offers was equally reprehensible. Thus evidence affecting the complainant's chastity subsequent to the birth of the child, or long prior to the period of gestation, could have no material bearing upon the question at issue as to whether the defendant was the father of the child, and, if offered, it would be very properly excluded as incompetent. In addition, however, to the offer to present such testimony, we have the further offer of testimony covering a period which, in respect to the charge made, would have rendered it competent. An offer to produce testimony, some of which was good and some bad, would usually be of no avail, because the court ordinarily should not receive or entertain it, and a refusal to do so would not be error. But where, as here, without permitting the production of any witness on defendant's behalf, the court gave judgment and thus excluded the presentation of evidence by the defendant, we do not see what other course was open to him but to make the offer to submit such evidence as he could produce, if allowed to do so. As shown by the record, before the relator's examination was closed, and before the defendant had the opportu-

nity to present any evidence, the court said : " It is conceded on the record that within the period of gestation the defendant Charles C. Schildwachter, Jr., has had connection with this relator; even though it should appear that two hundred and fifty others had also within the same period criminal connection with her, I shall hold and sustain the order of filiation." If the new trial as contemplated had been had, and if the relator by evidence had sustained the charge, and the defendant had had the opportunity to present such evidence as was competent, and notwithstanding the latter, the court had still been of opinion that the defendant was the father, it would give his conclusion all the force and weight to be attached to a determination reached upon conflicting evidence. We cannot, however, overlook the fact that the right which is given to the defendant of cross-examining the relator and of producing witnesses in his own behalf was denied him, for which error alone we think the order should be reversed.

The respondents insist that the defendant, after affirmance, having executed a bond to comply with the order of filiation, and no question being raised as to the amount of the allowance, the appeal should be dismissed. This claim is based upon section 861 of the Code of Criminal Procedure, which provides : " A person deeming himself aggrieved by the order of two magistrates, made pursuant to the last chapter, may appeal therefrom to the next Court of Sessions of the county, except that a person who has executed an undertaking to obey an order of filiation and indemnify the public, as provided in section eight hundred and fifty-one, cannot appeal from any other part of the order mentioned in section eight hundred and fifty than that which fixes the weekly or other allowance to be paid." Section 851 provides for two distinct kinds of undertakings, and is in the alternative, either that the defendant will pay the sum directed for the support of the child, or will appear at the next Court of Sessions of the county to answer the charge and obey its order thereon. If an undertaking had been given as provided in the first part of section 851 for the payment of the weekly sum, then the respondents would be right in their contention that the only question that could be raised was as to the amount of the allowance. The undertaking given by this defendant was, first, for his appearance before the magistrates after his arrest, and afterwards, for his

appearance at the General Sessions upon the appeal taken by him from the order of filiation made at the Special Sessions. It will be noticed that section 851 affects only appeals to the Court of General Sessions, and where, as here, the defendant gave an undertaking only for his appearance, the Court of General Sessions was at liberty, upon the appeal, to review the entire order made by the magistrates.

Our conclusion, therefore, is that the order of the General Sessions affirming the order of filiation made by the Special Sessions should be reversed and the matter remitted to the General Sessions for a rehearing, pursuant to the provisions of the Code of Criminal Procedure regulating appeals from the orders of judges of the Special Sessions.

FOLLETT, J., concurred.

VAN BRUNT, P. J.:

I concur. I think that the appellant had a right to show that the child in question may not have been the result of his efforts, but rather was due to the operations of a syndicate.

Order of General Sessions reversed, matter remitted to the General Sessions for rehearing.