THE BANK OF THE STATE OF MISSOURI, Appellant, *v.* ELI G. PARRIS, ADM'R OF JOHN YOUNG, dec'd, *et al.*, Respondents.

*Practice—Demurrer.*—Where parties separately liable upon a bill of exchange, demur jointly to a petition as showing no cause of action, it is erroneous to enter judgment for both defendants, the petition showing a good cause of action against the acceptor. The parties should demur severally. (R. C. 1855, p. 1278, § 2.)

*Appeal from Greene Circuit Court.*

*E. B. Ewing,* for appellant.

I. The petition as to the acceptor is unquestionably good. He can take no advantage of the delay in presenting the bill. The holder is at liberty to allow him whatever indulgence or delay he may please, short of the period which would under the statute of limitations operate as a bar to his claim. (Sto. Bills, § 325 and note 1.) Therefore, even if the petition is insufficient as to the drawer, the court erred in sustaining the demurrer and dismissing the petition. (1 Tidd, Prac. 694; People v. Mayer et al., 28 ; Barbour, J. C. R. 251 ; Butler v. Wood, 10 How. Prac. 222 ; Eldridge v. Bell, 12 id. 549 ; Phelps v. Northbury, id. 17 ; Bunnton v. Gifford, id. 8.)

*Lindenbower* and *Sherwood,* for respondents.

I. The liability of John Young's administrator was as an endorser of the bill of exchange. The endorser is discharged from liability by failure to present the bill of exchange for payment when due, and notify the endorser of the non-pay-ment. (§ 3 Kent 131; Sto. Prom. Notes, § 230 ; Phlato's Adm'r, v. Patchin, 26 Mo. 391.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit on a bill of exchange against Parris as administrator of John Young the drawer, and E. Ebert the acceptor. The petition shows the drawing of the bill by Young, its acceptance by Ebert, and its endorsement and delivery by the payee to the plaintiff. It appears on the face of the petition, that there was no demand of payment or notice of non-payment for about two years after the bill matured. The plaintiff sought to excuse its *laches*, but whether the matters alleged in excuse were sufficient for that purpose, it is not necessary for us in the view we have taken of the case to decide.

The defendants jointly demurred, stating for ground of objection that the petition did not state facts sufficient to constitute a cause of action. Judgment was given for the defendants on demurrer, and the plaintiff appealed.

There can be no doubt the petition stated a good cause of action against Ebert the acceptor. His being a primary liability, was unaffected by any *laches* of the holder of the bill in respect to demand and notice. As to the drawer, his liability being secondary and contingent, there is, to say the least of it, room to question whether the petition shows any ground of action against him. But whether it does or not, is not in the present aspect of the case material. The parties saw fit to demur jointly, and although the petition stated a good cause of action against one of the defendants, the demurrer was sustained as to both. This was wrong. As to Ebert, against whom the petition was sufficient, the demurrer ought to have been overruled; and as to his co-defendant, if no liability was shown against him, it ought to have been sustained. (R. C. 1855, p. 1278, § 2.) The better practice would have been to demur separately.

Let the judgment be reversed and the cause remanded. The other judges concur.