State v. Van Houten.

———————

37 357
85a 476

THE STATE, Respondent, v. JOHN VAN HOUTEN, Appellant.

1. *Criminal Practice—Indictment.*—An indictment which charges an offence in the language of the statute creating it, is good. An indictment charging a party with administering medicine to a pregnant woman to procure an abortion or miscarriage, need not specify the kind, quality, or quantity of the medicine.
2. *Criminal Practice—Demurrer.*—A demurrer, or motion to quash an indictment, must specify particularly the grounds of objection.

*Appeal from Harrison Circuit Court.*

*J. C. Parker*, Circuit Attorney, for appellant.

I. The first cause attempted to be set up by the defendant, as a cause of quashing the indictment, is not sufficient, for the reason it does not distinctly specify the grounds of objection to the indictment. (R. C. 1855, p. 1176, § 24.)

II. It is not necessary that an indictment for administering medicine to a pregnant woman, to procure an abortion, should specify or describe the kind, quality, or quantity of the medicine charged to have been administered. (Rex v. Phillips, 3 Camp. 73; State v. Vawter, 7 Blackf., Ind. 592.)

*H. M. & A. H. Vories*, for respondent.

I. The indictment failed to state either what kind of medicine was administered, or to state that the kind of medicine was to the grand jurors unknown, and which allegations should be made, or the indictment is bad. (2 Archb. Cr. Ev. 92–105; Lehman v. The People, 1 Comst. 383–4; People v. Jackson, 3 Hill. 72.)

II. It should have appeared, from the indictment, that the

medicine used was either poisonous or noxious, and likely to procure the result intended, or else the indictment was bad.

III. The indictment should have negatived the fact that the medicine used was advised by a physician to be necessary, &c.

WAGNER, Judge, delivered the opinion of the court.

This was an indictment for administering medicine, to produce an abortion and miscarriage, &c. The indictment charges that the defendant unlawfully and wilfully did administer to one Elizabeth Robinson, a woman then and there being pregnant with a child, a large quantity of medicine, with intent thereby to procure abortion and the miscarriage of the said Elizabeth Robinson ; the administering of said medicine to the said Elizabeth Robinson not being then necessary to preserve the life of the said Elizabeth, &c.

On motion of the defendant, the court quashed the indictment, because it did not state facts sufficient to constitute any offence, and because it did not specify or describe the kind, quantity or quality of medicine alleged to have been used or administered.

The first cause assigned for quashing was too general, and really amounted to nothing. A motion to quash an indictment must distinctly specify the grounds of objection ; and unless it does so, it will be entirely disregarded. (R. C. 1855, p. 1176, § 24.)

The second objection is, that neither the kind, quantity or quality of the medicine used or administered is specified or described. The language of the statute is, that " every physician, or other person, who shall wilfully administer to any pregnant woman any medicine, drug, or substance whatsoever, or shall use or employ any means whatsoever, with intent thereby to procure abortion or the miscarriage of any such woman, unless the same shall have been necessary to preserve the life of such woman," &c. An indictment is generally good that charges the offence in the words of the statute creating it. The question to be tried is, whether the

prisoner administered any kind of medicine to the woman with intent to procure abortion or miscarriage. The law does not require any particular kind, quantity, or quality of medicine to be alleged; nor would it be necessary to prove such kind, quantity, or quality, on the trial.

Our statute is similar to the English act of 43d of George II., § 2, and also to the statute of the State of Indiana; and the courts of both have decided that the name of the medicine need not be stated, nor need it be described as noxious. (Rex v. Phillips, 3 Camp. 73; State v. Vawter, 7 Blackf. 592.)

The court erred in quashing the indictment, for the reasons set forth in the motion; and its judgment will be reversed and the cause remanded.

Judge Holmes concurs; Judge Lovelace absent.