ANDREW J. BROWN Appellant, *v.* ROBERT K. WOODS *et al.*, Respondents.

1. *Practice, civil — Pleadings — Demurrer on ground of misjoinder of parties overruled as to those properly joined.* — Demurrer to the petition on the ground of improper joinder of parties defendant should be overruled as to the party or parties against whom a good cause of action has been stated.

### *Appeal from Linn Circuit Court.*

*Easley,* for appellant.

The petition stated a good cause of action against Woods and Stephens, and even if Pratt was improperly joined, or if no cause of action was stated against him, the demurrer could only have been sustained as to him; and the court should not have given judgment on such demurrer in favor of Stephens and Woods. (Ashby v. Winston, 26 Mo. 210, and cases cited; Lyon v. Page, 21 Mo. 104.)

*G. D. Burgess,* for respondents.

The defendants had the right to join in the demurrer because of a misjoinder of parties defendant. (Farmers' Bank of Mo. v. Bayless, 41 Mo. 285; Wagn. Stat. 1014, § 6.)

In the case of Ashby v. Winston, 26 Mo. 210, the defendants who were improperly made parties did not join in the demurrer. Winston alone demurred, and the court held that he could not

The State of Missouri ex rel., etc., v. Moeller et al.

take advantage of the fact that other parties were improperly joined as defendants. In this case the defendants all join in the demurrer.

While it is conceded that the better practice is for those alone to demur who are improperly made parties, it is insisted that all the parties, either plaintiffs or defendants, may join in the demurrer when the cause assigned is a misjoinder of parties.

CURRIER, Judge, delivered the opinion of the court.

A good cause of action is admitted to be stated against one of the three defendants, but all joined in a demurrer to the petition; the cause of demurrer relied upon being the misjoinder of the parties defendant. The demurrer was sustained as to all, and final judgment was rendered in their favor accordingly. The demurrer should have been overruled as to the party or parties against whom a good cause of action was stated, and who were consequently properly joined in the suit. This is the settled practice in this State. (Ashby v. Winston, 26 Mo. 210; Bank of the State of Missouri v. Parris, 35 Mo. 371.)

The judgment will be reversed and the cause remanded. The other judges concur.