State v. Berry.

------o------

STATE OF MISSOURI, Appellant, *vs.* H. S. BERRY, Respondent.

1. *Practice, criminal—Indictment—Motion to quash—Objections, how stated.*—A motion to quash, or demurrer to, an indictment, shall distinctly specify the grounds of objection, or it must be disregarded, and no reason not specified shall be held to sustain such motion or demurrer. (Wagn. Stat., 1090, § 24.) A motion to quash an indictment, which only stated, that no crime against the law of the State was charged, and that the indictment did not state facts which authorized the court to put the defendant upon trial, cannot be sustained.

*Appeal from Clinton County Circuit Court.*

*John A. Hockaday, Att'y Gen'l,* for Appellant.

*R. Hughes,* for Appellant.

The three causes attempted to be set up by the defendant, as a cause for quashing the indictment, are not sufficient,

for the reason that they do not distinctly specify the grounds of objection to the indictment. The specific defect must be pointed out. (Wagn. Stat., 1090, § 24; State vs. Van Houten, 37 Mo., 357; State vs. Marshall, 47 Mo., 378.)

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for exercising the trade or business of a public auctioneer without license.

A motion to quash was sustained to the indictment, and the causes set forth in the motion merely stated in general language, that no crime against the laws of the State was charged, and that the indictment did not state facts which authorized the court to put the defendant upon trial. The statute provides that a demurrer to, or a motion to quash, an indictment, shall distinctly specify the grounds of objection to the indictment, unless it does so it shall be disregarded, nor should any reason be held to sustain such demurrer or motion not specified therein. (Wagn. Stat., 1090, § 24.) The causes assigned for quashing were too general and pointed out no specific objection. They should therefore have been disregarded.

The judgment must be reversed, and the cause remanded. The other judges concur, except Judge Vories, who is absent.