———o———

STATE OF MISSOURI, Appellant, *vs.* C. M. POSTON, Respondent.

1. *Practice, criminal–Sci. fa.—Bond not to leave court–Demurrer–Discharge of accused–Action of court, error, when.—*In *Sci. Fa.* against the sureties on a recognizance conditioned for the appearance of the party indicted at the next term of court, and also that he should not depart from the court without leave, the sureties demurred to the *Sci. Fa.*, and the court holding that the pleading went to the indictment also, and that it was well taken thereto, discharged the accused. *Held,* that supposing the demurrer to reach the indictment, and that the latter was fatally defective, yet as part of the condition of the bond was that defendant should not leave the court without leave, he would still be held on that clause, and the action of the court in discharging the accused was held to be error.

State v. Poston.

2. *Recognizance—Statutory—Common law.*—There is no substantial difference between a common law and a statutory recognizance.

3. *Indictment—Demurrer to, should be specific.*—A demurrer to an indictment should distinctly specify the grounds relied upon.

*Appeal from McDonald Circuit Court.*

*Hockaday, Att'y Gen'l,* for Appellant, cited: State vs. Randolph, 22 Mo. 474; State vs. Potts, 60 Mo. 369.

Respondent not represented.

SHERWOOD, Judge, delivered the opinion of the court.

Poston was indicted for a felonious assault, and, together with the other defendants, entered into a recognizance in usual form conditioned for the appearance of the party indicted, at the next term of the court, and that he would not depart such court without leave.

Poston defaulted, and in consequence a forfeiture was taken against him and his sureties, and *sci. fa.* issued. One of the sureties demurred to the writ, and the court, on the ground that the demurrer went to the indictment as well as the *sci. fa.*, entered an order discharging the party indicted, and from such order the State has appealed.

Conceding the correctness of the idea that the demurrer is to be regarded as directed against what appears either of record or on file in the cause, this concession, sustained as it is' by this court in former adjudications, (State vs. Randolph, 22 Mo. 474; State vs. Potts, 60 Mo. 368) will by no means give countenance to the ruling complained of. The indictment was in all probability fatally defective, but this makes no difference, as the condition of the recognizance was such that it not only required the appearance of the accused to answer the indictment, but also not to depart the court without leave. Thus in Champlain vs. The People (2 Comst. 81,) it was held no ·defense that. no indictment was found, where the recognizance was conditioned to appear and answer an indictment to be found and not to depart, and this on the ground that the indicted party was not entitled to his discharge as a matter of course. So also in the People vs.

Stager, (10 Wend., 431,) it was held that the clause "that he shall not depart until discharged" is unnecessary in respect to the charge, which is the basis of the recognizance; that its use is to detain the party on other charges that may be preferred against him. A similar view of the ends to be accomplished by such a clause in a recognizance is taken in the earlier books. (Hawk. Pl. Cr., ch. 15, § 84.)

And there is no substantial difference between a recognizance at common law and the one provided for by our statute.

It is of frequent occurrence in practice that a *nolle prosequi* is entered as to a pending indictment, with the view of having another found, and it was no doubt to meet this and similar exigencies that the clause above mentioned was inserted.

But should we treat the demurrer filed as directed to the indictment alone, still the action of the lower court is erroneous, as the grounds relied on are not distinctly specified. (Wagn. Stat., 1090, § 24; State vs. Van Houten, 37 Mo. 357; State vs. Webb, Id. 366; State vs. Berry, 62 Mo. 595.)

Judgment reversed and cause remanded; all the judges concur.