The State v. Millsaps.

ment of the circuit court should be reversed and the cause remanded. All concur.

REVERSED.

69 359
44a 546

69 359
117 629

69 359
58a 449

69 359
68a 167

THE STATE v. MILLSAPS *et al., Plaintiffs in Error.*

1. **Atchison Probate Court**: CRIMINAL JURISDICTION. The probate court of Atchison county has power to admit to bail and take recognizance from persons charged with crime.

2. **Variance between Recognizance and Sci. Fa.** A *sci fa.* issued upon a recognizance recited that the principal defendant stood charged with the crime of petit larceny. The recognizance stated the crime to be larceny. *Held*, that there was no substantial variance.

3. **Identity of Persons**: PRESUMPTION IN FAVOR OF COURT OF GENERAL JURISDICTION: DEMURRER. The records of the circuit court showed that on the 8th day of October, 1875, Roach Millsaps was arrested on a charge of stealing certain property described in the warrant; that on the 20th day of October, 1875, Pharris Millsaps, Jr., as principal, with others as sureties, entered into a recognizance for the appearance of said Pharris Millsaps, Jr., at the next January term of the circuit court to answer to the charge of larceny; that at the January term Roach Millsaps was indicted for the larceny of the property described in the warrant, and that at a subsequent day of the same term a forfeiture was ordered of the recognizance of Pharris Millsaps, Jr. On appeal from a judgment on a demurrer to a *sci. fa.* issued on the recognizance, *Held, first,* that this court would presume in favor of the acts of the circuit court that Roach Millsaps and Pharris Millsaps, Jr., were one and the same person; *Second,* but at any rate, since this was a matter of fact and not of law, a demurrer would not lie.

4. **Forfeiture of Recognizance.** The cognizor in a bond conditioned for his appearance at the next term of the circuit court to answer to an indictment then to be preferred, and not to depart from the court without leave, forfeits his bond if he fails to appear, or having appeared, departs without leave, whether an indictment is found against him or not.

*Appeal from Atchison Circuit Court.*

Appeal from a judgment of forfeiture of a recognizance.

*John P. Lewis* for appellants.

*J. L. Smith*, Attorney-General, for the State.

SHERWOOD, C. J.—It is clear that the probate court of Atchison county (Laws 1872, p. 284, § 1), is a court of record. The judge or justice thereof in vacation, therefore had a right to issue the writ of *habeas corpus* and admit to bail; (1 Wag. Stat., §§ 1, 2, 38, 39, 40, 42, pp. 684, *et seq.*); consequently the recognizance was a valid one.

<div style="margin-left:2em; font-size:smaller;">1. ATCHISON PROBATE COURT: criminal jurisdiction.</div>

That recognizance was entered into the 20th day of October, 1875, by *Pharris* Millsaps, Jr., as principal, and Pharris Millsaps, Sr., and Callaway Millsaps, as sureties, and was conditioned for the appearance of the principal at the next term of the Atchison circuit court, to be holden, &c., then and there "to answer an indictment to be preferred to the grand jury against the said Pharris Millsaps, Jr., for the crime of larceny, whereof he stands charged, and shall not depart the same without leave of court." The judgment of the circuit court of Atchison county shows that, at the term of that court at which Pharris Millsaps, Jr., was required to appear, he and his sureties made default, whereupon a forfeiture was taken, and *sci. fa.* ordered to issue. The writ issued conforms to the judgment of forfeiture in the names of the cognizors; and the offense charged in the *sci. fa.* is the same as that charged in the recognizance, the only difference being that the latter describes the offense as larceny, and the former as petit larceny. On demurrer to the *sci. fa.* it was objected that: 1st, It does not appear from the records in said case that Pharris Millsaps, Jr., was charged with any offense. 2nd, It does not appear from the record that said Pharris Millsaps, Jr., was charged with the offense charged in the *scire facias.*

We have already sufficiently shown that there is no substantial variance between the recognizance and the *sci. fa.*; and by the former Pharris Millsaps, Jr., admitted, and is, therefore, now estopped to deny that he was charged with the crime of larceny.

2. VARIANCE BE-
TWEEN RECOGNI-
ZANCE AND SCI.
FA.

When a recognizance is taken, it becomes the duty of the committing magistrate, as well as the officer who admits a prisoner to bail on *habeas corpus*, to certify such recognizance, and deliver the same to the clerk of the court in which the offense is cognizable, on or before the first day of the next term thereof. 2 Wag. Stat., § 36, p. 1092; 1 Ib., § 42, p. 691. We will not presume that the probate judge failed in the duty enjoined on him by law, as above recited. If he made such return, then the recognizance forthwith became one of the records of the Atchison circuit court, where, by law, it was made returnable, so that it is not true, in point of fact, that the records failed to show that Pharris Millsaps, Jr., was charged with the crime alleged in the *sci. fa.*, as this fact is established by the recognizance, by the judgment of forfeiture, and the *sci. fa.* which issued thereon.

It is, however, further urged and objected, that the records show that a person by the name of Roach Millsaps was arrested on the 8th day of October, 1875, for stealing on the preceding day the property mentioned in the indictment, which was found January 21st, 1876, and also charges that *Roach* Millsaps stole that property on that day. The judgment of forfeiture which authorized the issuance of the *sci. fa.* was entered on the 26th day of January, 1876, five days after the indictment against *Roach* Millsaps was found. We may well conclude from these premises, since we are considering the acts of a court of general jurisdiction, that *Roach* Millsaps and *Pharris* Millsaps, Jr., were one and the same person, and known as well by one name as the other, and that he was arrested and committed by the name of

3. IDENTITY OF
PERSONS: pre-
sumption in favor
of court of gener-
al jurisdiction:
demurrer.

*Roach* Millsaps, bailed out by the name of *Pharris* Millsaps, Jr., and judgment of forfeiture taken and *sci. fa.* issued against him by the latter name. If *Roach* Millsaps and *Pharris* Millsaps, Jr., were one and the same person, and he was as well known by one name as the other, then he could be indicted by one name as well as the other, and the instances are numerous of such method of procedure. 3 Greenl. Ev., § 22, and cases cited. If *Roach* Millsaps and *Pharris* Millsaps, Jr., were one and the same person, then such person was properly indictable and bailable under either name, and as we are considering the acts of a court of general jurisdiction, in whose favor every reasonable presumption is to be indulged, (*Huxley v. Harrold*, 62 Mo. 516;) we must presume that the Atchison circuit court acted in full accordance with law in entering a judgment of forfeiture and issuing a *sci. fa.* If, on the other hand, *Roach* Millsaps and *Pharris* Millsaps, Jr., were not the same person, then this was a matter of fact and not of law, and, therefore, could not be raised by demurrer.

But, granting that the acts and doings of a court of general jurisdiction are to go for nothing; granting that 4. FORFEITURE OF RECOGNIZANCE. no presumptions favorable to their validity are to be indulged, still the fact remains as shown by the records, that *Pharris* Millsaps, Jr., entered into a recognizance for his appearance at the January term, 1876, of the Atchison circuit court, and bound himself not to depart said court without leave, and that he did not comply with his recognizance in any of the particulars therein specified, so that it makes no difference whether an indictment was found against him or not, the conditions of his recognizance being broken, if he failed to appear, or if, having appeared, he departed the court without leave thereof. *State v. Poston*, 63 Mo. 521. We, therefore, hold that the judgment of the circuit court below, making the forfeiture absolute, should be affirmed. All concur.

AFFIRMED.