THE STATE, *Appellant*, v. WEEKS.

1.  **Criminal Law:** ASSAULT: INDICTMENT.  An indictment charged substantially that defendant, at, etc., "feloniously one John Key with large stones, and did beat, wound and inflict great bodily harm on him the said Key."  *Held*, not obnoxious to the charge of being vague, uncertain, illegible and unintelligible, although it also contained some useless verbiage, and was otherwise inartificially drawn.

2.  ———: DEMURRER.  A motion to quash, or a demurrer to, an indictment, which only alleges that the indictment does not set forth any offense, is sufficiently specific under section 1818, Revised Statutes of 1879.  In so far as they declare otherwise, the following cases are overruled:  *State v. Houten*, 37 Mo. 357; *State v. Berry*, 62 Mo. 595, and *State v. Poston*, 63 Mo. 521.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*D. H. McIntyre*, Attorney General, for the State.

*Livingston & Green* for respondent.

NORTON, J.—This cause is before us on the appeal of the State from the action of the circuit court of Howell county, in sustaining a motion to quash the second count of an indictment charging defendants with feloniously assaulting and inflicting great bodily harm on John Key. Among other grounds contained in the motion to quash, it is alleged that the indictment is vague, illegible, uncertain and unintelligible, and that the second count fails to state any offense. It is contended on the part of the State that the motion to quash should have been disregarded by the trial court because it did not distinctly specify the grounds of objection to the indictment. If the said motion had only stated as a reason for quashing the indictment, that it did not charge any offense, the point raised by counsel would be before us for determination, but inasmuch as it is also alleged as one of the grounds for the motion, that the indictment is vague, illegible, uncertain and unintelligible, it is unnecessary to consider the point presented, as that allegation was sufficiently specific to make it the duty of the court to pass upon the motion; and the only matter remaining to be determined by us is, whether the court erred in sustaining the motion and adjudging the second count to be insufficient.

We are of the opinion that the court erred in its action in this respect. The second count of the indictment,
1. CRIMINAL LAW: though inartificially drawn, alleges substan-
assault: indict-
ment. tially that at the county of Howell, James Johns feloniously one John Key with large stones, and did

32—77

beat, wound and inflict great bodily harm on him the said Key, and that the other defendants, naming them, were present aiding, assisting and maintaining him in said assaulting and wounding. The above is the substance of the charge, and while the indictment contains some useless verbiage, it sufficiently notified defendants of the offense charged, and is not open to the objection specified in the motion that it is vague, uncertain, illegible and unintelligible.

In regard to the point made by the attorney general, that the motion to quash the second count of the indict-
2. ——: demurrer ment on the ground "that it does not state any offense," should have been disregarded, because it did not come up to the requirements of section 1818, Revised Statutes 1879, which declares that unless a motion to quash or demurrer distinctly specifies the grounds of the objection, it shall be disregarded, it may be observed that we are aware that in construing this section it has been held in the cases of *State v. Houten*, 37 Mo. 357 ; *State v Berry*, 62 Mo. 595 ; *State v. Poston*, 63 Mo. 521, that in criminal cases a motion to quash or demurrer to an indictment, which only alleges that the indictment did not set forth any offense, should be disregarded. While said section 1818 has been thus construed, under section 3516, Revised Statutes 1879, a like section in practice in civil proceedings, which provides that a demurrer shall distinctly specify the grounds of objection to the pleadings, and unless it does so it may be disregarded, it has been held in the following cases that a demurrer which only alleges that the petition did not state a cause of action is sufficiently specific to be considered. *Morgan v. Bouse*, 53 Mo. 219 ; *Bank of the State v. Young's Admr.*, 35 Mo. 371 ; *Jordan v. R. R. Co.*, 61 Mo. 52. We can perceive no reason why the section relating to practice in criminal proceedings should receive a different construction from a like section in civil proceedings, and if a demurrer in a civil case which states as the ground of it, that the petition does not set forth a

cause of action is sufficiently specific to be considered, we are of the opinion that in a criminal case a demurrer to the indictment which specifies as a ground of objection that it does not state any offense, is likewise sufficient, and in order that the rulings of this court may be harmonious as well as right, the cases of *State v. Houten, supra; State v. Berry, supra,* and *State v. Poston, supra,* are overruled, in so far as they declare that a demurrer to an indictment, which only states as the ground of objection that it does not set forth any offense, must be disregarded.

Judgment reversed and cause remanded for the reason that in our opinion the indictment sufficiently alleges an offense. All concur, except Judge SHERWOOD.