STATE OF MISSOURI, Appellant, v. A. H. LIVINGSTON *et al.*, Respondents.

St. Louis Court of Appeals, May 15, 1894.

**Criminal Law:** RECOGNIZANCE: EFFECT OF INVALIDITY OF INDICTMENT. A recognizance can not be avoided on the ground that it was given to answer an indictment which is fatally defective, if it requires the party indicted to appear at the time specified in it and not to depart the court without leave.

*Appeal from the Texas Circuit Court.*—HON. J. F. HALL, Judge.

REVERSED AND REMANDED *(with directions).*

*R. F. Walker*, Attorney General, for appellant.

Even though the indictment was fatally defective, yet this could not serve to discharge or relieve the sureties. The obligation was not alone to answer the indictment, but also not to "depart the court without leave first had and obtained." *State v. Poston*, 63 Mo. 521; *State v. Millsaps*, 69 Mo. 359; Bishop on Criminal Procedure [3 Ed.], sec. 264*k*. Nor was there material variance between the language of the indictment and that of the recognizance. Even though there had been, it could not relieve the sureties, who entered into an obligation, the condition of which was that the principal shall not "depart the court without leave." *State v. Poston, supra; State v. Millsaps, supra; State Peyton*, 32 Mo. App. 522; *State v. Riley*, 34 Mo. App. 426.

*H. G. Green* and *A. H. Livingston* for respondents.

The allegation is virtually that a bond was given to answer a pending indictment for obtaining money under false pretense. This allegation is attempted to be sustained by an indictment for obtaining under false pretense, goods, merchandise, and personal property. The respondents object, because they say that this is not the indictment and charge on which they entered as defendant's securities. A total failure of proof appears on the face of appellant's case, and the demurrer should be sustained. *Clements v. Yates*, 69 Mo. 626; *Ensworth v. Barton*, 60 Mo. 511; *Huston v. Forsythe*, 56 Mo. 416;

*Harrison v. Railroad,* 37 Mo. 307; *Beck v. Ferrara,* 19
Mo. 30; *Merle v. Hascall,* 10 Mo. 406. This rule is not
changed by our present statute, but stands as it ever
did. *Leslie v. Railroad,* 88 Mo. 54. The points herein
raised as to variance between the indictment and recog-
nizance do not seem to have been passed on in this
state, but such variances have ever been held fatal in
other jurisdictions. *Stancel v. State,* 6 Tex. App. 460;
*Smalley v. State,* 3 Tex. App. 202; *McAdams v. State,*
10 Tex. App. 317; *Keplin v. State,* 14 Tex. App. 168;
*Addison v. State,* 14 Tex. App. 568; *State v. Hotchkiss,*
30 Tex. 162; *Barrera v. State,* 32 Tex. 644; *Gray v.
State,* 43 Ala. 41.

BOND, J.—At the October term of the Howell
county circuit court an indictment was found and filed,
charging that one Perry Coffey "did unlawfully and
feloniously, falsely and fraudulently, obtain of and
from J. H. Williams and J. P. Williams, goods, mer-
chandise and personal property, of the value of $300.15,
of the personal goods and chattels of said J. H. Williams
and J. P. Williams, by use and by means of false and
fraudulent representations and statements, with intent
then and there to cheat and defraud, contrary to the
statute in such case made and provided, and against the
peace and dignity of the state."

At the same term of the court the cause of The
State of Missouri *v.* Perry Coffey was continued on the
application of the defendant, who thereupon entered
into the following recognizance:

"We, Perry Coffey, as principal, and A. H.
Livingston and J. M. Livesay, as security, acknowl-
edge ourselves to owe and stand indebted to the state
of Missouri in the sum of $500, to be levied of our
respective goods and chattels, lands and tenements,
to be void upon the following condition, to wit:

Whereas, the said Perry Coffey is charged and stands indicted by a truly found indictment for obtaining money in false pretenses; now, if the said Perry Coffey shall be and appear at the circuit court of Howell county, Missouri, to be held at the courthouse in the city of West Plains on the fourth Monday of April, 1889, next, and not depart the court without leave first had and obtained, and, should said cause be not then determined, *to appear from time* to time and from term to term until said cause be disposed of, then this recognizance to be void, otherwise to remain in full force and effect in law.''

At the term to which said cause had been continued the said defendant, ''though called, came not,'' and the recognizance aforesaid was duly forfeited and judgment rendered thereon against defendants herein in the sum of $500 and costs, and a *scire facias* was issued to these defendants, returnable to the next term of said court, requiring them to show cause why execution should not issue on said judgment of forfeiture.

After answer filed and withdrawn, the cause was transferred, on account of incompetency for having been of counsel of the judge of the Howell circuit court, to the Texas circuit court.

At the November term of the Texas circuit court, the defendants filed their demurrer to the *scire facias* on the following grounds: *First*. That the indictment against Perry Coffey is fatally defective and void. *Second*. That the purported recognizance is to answer an indictment for obtaining money under false pretenses. *Third*. That the *scire facias* charged the indictment to be for obtaining goods under false pretenses. *Fourth*. That there is an absolute variance between the indictment, the recognizance and the *scire facias;* that each is repugnant to, and in conflict with, the others.

At the same term of the circuit court of Texas county the demurrer of defendants was sustained, and the defendants discharged. From a judgment rendered in accordance with this ruling the present appeal is taken.

The argument of respondents is that the recognizance upon which they were sureties is void, because there was no indictment pending at the time of its execution for the specific offense mentioned in said recognizance.

It has been distinctly held that a recognizance, given to answer an indictment which is fatally defective, can not be avoided on that ground, provided it contains a clause requiring the party indicted to appear at the time specified in it and not to *depart the court without leave.* State v. *Poston*, 63 Mo. 521; *State v. Millsaps*, 69 Mo. 359.

Under this view of the law the obligation of the recognizance does not depend upon the validity of the indictment under which it was executed, but upon the nature and extent of the clauses and provisions contained in said recognizance. In this case the record shows affirmatively that the recognizance forfeited did require the recognizor to appear at the succeeding term of the court and not to depart without leave first had and obtained, and, in case of a continuance of said indictment, to appear from time to time and from term to term until the same should be disposed of; and, as it further appears that said cause was continued until the October term, 1889, at which time the defendant was duly called and did not appear, there was no reason why a forfeiture should not have been adjudged for breach of the provision requiring the attendance of the recognizor at court.

The result is that the judgment herein is reversed,

and the cause remanded with directions to the trial court to overrule the demurrer and to require further pleading of defendants.

All concur, Judge BIGGS in the result.