THE STATE OF MISSOURI, Respondent, v. JOHN
DEAN, Appellant.

**Kansas City Court of Appeals, November 5, 1900.**

1. **Criminal Law: ABORTION: INDICTMENT.** An indictment un-
der section 1853, Revised Statutes, 1899, for administering medicine
with the intent of producing abortion is not required to state
whether death resulted or not as that is not a description of the
offense but only goes to the degree of the punishment. The indict-
ment set out in the opinion is sufficient.

2. ———: ———: **KIND OF MEDICINE.** On an indictment for
administering medicine for producing abortion the state is not re-
quired to prove the kind, quality or quantity of the medicine.

3. ———: ———: **EVIDENCE: ADMISSION.** On the trial of the
indictment for administering medicine with the intent to produce
abortion, evidence of the acts, and letters of the defendant in the
nature of admission are admissible against him.

Appeal from the Carroll Circuit Court.—*Hon. W. W.
Rucker,* Judge.

AFFIRMED.

*J. L. Minnis* and *S. J. Jones* for appellant.

(1) The indictment in this case does not charge any
offense, but is fatally defective in this, that it fails to state
that Nina Dean did not die, as a result of taking the alleged
medicine. The proper construction of said section makes the
fact that death does not ensue, an essential part of the de-
scription of the misdemeanor inhibited thereby. (2) De-
fendant's demurrer to the testimony should have been sus-
tained, because there was no evidence whatever that the pack-

ages alleged to have been handed by defendant to prosecutrix contained any noxious substance, or anything calculated or capable of producing an abortion.   The words of the statute, "Medicine, drug or substance," necessarily mean that the medicine or substance shall be medicines calculated and capable of injuring the prosecutrix and bringing about an abortion.   Carter v. State, 2 Ind. 617; Williams v. State (Tex. App), 19 S. W. Rep. 897.   (3) The admission of the evidence of Nina Dean concerning the note and money handed to her by the defendant in the railroad car more than a month after she charges the defendant handed her the packages, and the admission of Richardson's evidence in corroboration thereof, and the failure of the court to direct the jury to disregard such evidence, is reversible error.

*L. A. Holliday* and *Lozier & Morris* for respondent.

No brief for respondent.

GILL, J.—The defendant was indicted, tried and convicted for administering drugs and medicines to a pregnant woman with the intent of producing an abortion or miscarriage.   On this appeal the defendant complains, (1) that the indictment is insufficient in that it fails to charge any offense, (2) that a demurrer to the evidence should have been sustained, and (3) that the trial court erred in admitting certain evidence offered by the state.

The indictment charges "that John Dean at and in the county of Carroll, and State of Missouri, on or about the 17th day of October, A. D. 1897, unlawfully and willfully did administer to one Nina Dean, the said Nina Dean then and there being a pregnant woman, a large quantity of certain medicine, drug and substance, to the grand jurors unknown,

with intent then and there and thereby to procure the miscarriage of the said Nina Dean, the same then and there not being necessary to preserve the life of the said Nina Dean, and then and there not having been advised by a physician to be necessary for that purpose, against the peace and dignity of the State."

This indictment is based on section 1853 of our last revised statutes (being section 3495, Revised Statutes 1889) and sets out the facts going to make the offense in almost the exact language of the statute. In prescribing the measure of punishment, however, the statute in effect declares that if death of the woman insue from administering the drugs then the guilty party shall be deemed guilty of manslaughter in the second degree, otherwise it shall be punished only as a misdemeanor. The indictment here is objected to because it fails to state whether death resulted or not.

We think there is no merit in the point. This is not a case where an exception contained in the defining clause of the statute is left out. In those cases the authorities agree that when the exception constitutes a part of *the description of the offense* charged then the indictment must negative the exception. State v. Meek, 70 Mo. 355, and authorities cited. But in the case at bar the offense is made out by alleging and proving that the defendant willfully administered drugs to the pregnant woman intending thereby to procure abortion or miscarriage, *excepting* only when it is necessary to preserve the life of the woman, or so advised by a physician. These two exceptions enter into and constitute a description of the offense and under the rule should be negatived in the indictment. But as to whether the woman died or not, these merely have to do with the extent of the punishment and do not constitute any part of the description of the offense.

The objection that the evidence failed to make a case

against defendant because the character of the medicines furnished the pregnant woman was not shown, is fully met by the decision of the supreme court in State v. Van Houten, 37 Mo. 357. As there said: "the law does not require any particular kind, quantity or quality of medicine to be alleged; nor would it be necessary to prove such kind, quantity or quality on the trial."

It seems that shortly after defendant gave the medicine for miscarriage, and it proving ineffectual for the purpose, the pregnant woman went to Carrollton apparently, it seems, to be treated by a physician. The state introduced evidence tending to prove that defendant approached the woman while on the cars and gave to her a sum of money inclosed in a letter written by the defendant directing the woman where to go, and if more money was needed to call on the defendant. The woman, after first testifying that immediately upon reading it she destroyed the note, proceeded, over defendant's objection, to give the contents. The court's action in this respect is now complained of—and we think without any just cause. The defendant's conduct at the time, as well as the language used in the letter, clearly implicated him in the design and intent to bring about the woman's miscarriage. These were admissions against the defendant's interest and were entirely proper for the consideration of the jury.

We discover no error in the record and the judgment will be affirmed. All concur.