## THE STATE v. BOEHM, Appellant.

### (No. 1.)

### Division Two, November 22, 1904.

1. **SCIRE FACIAS: Recognizance: Forfeiture: Insufficient Indictment.** Whether the indictment or information is good or bad, a recognizance entered into by the defendant and his surety for appearance, may be forfeited by `scire facias`, and the amount thereof recovered by the State on the failure of the defendant to appear according to the conditions of the recognizance.

2. ———: ———: ———: ———: **Inquiry.** The validity or invalidity of the indictment or information cannot be inquired into in a proceeding to enforce a recognizance for failure to appear.

3. ——: ——: **Not To Depart: Meaning.** The use of the condition "not to depart without leave" is to detain the party on other charges that may be preferred against him. And where the recognizance requires the accused to appear "to answer to an *indictment*" *preferred* or *to be preferred,* and "not to depart said court without leave," a failure to appear subjects the recognizance to forfeiture whether an indictment is found or not, or if found, whether nolleed or not.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*S. S. Bass* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

These cases are similar to the case of State v. Epstein (186 Mo. 89), submitted at this term. Practically the same points are involved and we deem it unnecessary to submit a brief *in extenso* for the reason that the authorities set out in the Epstein case apply to this. The proceedings were regular and there is no merit in the appeal.

FOX, J.—At the February term, 1903, of the circuit court of the city of St. Louis, the grand jury returned an indictment against Louis Soviner and May Smith, for having violated section 2202, Revised Statutes 1899, in permitting females under the age of eighteen years of age to enter and remain in a bawdy-house kept by them at the city of St. Louis. Defendant Soviner was arrested upon the indictment, arraigned, and entered a plea of not guilty. He afterwards entered into a recognizance with this appellant, Frank L. Boehm, as surety, in the sum of six hundred dollars, for his appearance.

At the following term the case was called for trial and defendant failed to put in his appearance. He and

his surety being properly called, the bond was adjudged forfeited and *scire facias* ordered issued.

The defendant, after due service of process, appeared and filed his answer as follows:

"Now comes Frank L. Boehm, named as surety in the above-entitled action of *scire facias,* and denies each and every allegation and all the matters and facts set forth in said *scire facias.*

"Further answering, said Frank L. Boehm states that the matters and facts set forth in the indictment numbered 148 preferred by the grand jurors within and for the city of St. Louis against the defendant Louis Soviner, does not charge the said Louis Soviner with a violation of the criminal law of the State of Missouri.

"Said Frank L. Boehm, therefore, prays for a judgment in his behalf, with costs of this proceeding sustained in his favor."

Upon the trial the record discloses that the State introduced in evidence the indictment, arraignment, plea of not guilty, recognizance and the record entry of the forfeiture of said recognizance, *scire facias,* and return of sheriff; all of which appear to be regular and in proper form. Upon the submission of the cause, the court found that defendant, in obedience to the commands of the *scire facias,* had failed to show sufficient reason why the State of Missouri should not recover her debt and costs according to the terms of the recognizance entered into, and rendered judgment for the amount of the penalty of said bond; from this judgment defendant, Frank L. Boehm, appealed, and the record is now before us for consideration.

## OPINION.

Counsel for appellant has not filed any brief or suggestions indicating any errors in the action of the trial court in the disposition of the case, upon which he relies as grounds for the reversal of this judgment.

The record before involves but one legal proposition for our consideration, and that question is sharply presented in the answer of the defendant, in which it is alleged that the indictment fails to charge defendant's principal with a violation of any of the criminal laws of this State.

The statute upon which this proceeding is based, provides:

"If without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by *scire facias* to final judgment and execution thereon, although the defendant may be afterward arrested on the original charge, unless remitted by the court for cause shown." [Sec. 2554, R. S. 1899.]

The record in this case discloses that the defendant's principal was indicted, entered his plea of not guilty, and executed his recognizance with defendant as surety in due form for his appearance to answer the charge contained in the indictment; that he failed to appear for trial; a forfeiture of the recognizance was directed by the court and process issued to the defendant to show cause why judgment should not be rendered against him in accordance with the terms of said recognizance; and the only defense suggested is that the indictment fails to charge any offense under the laws of this State.

It is sufficient to say, upon the defense interposed in this case, that it can avail the defendant nothing, whether the indictment against his principal was good or bad. The court has spoken in no uncertain terms upon that proposition. SHERWOOD, J., in State v. Livingston, 117 Mo. 1. c. 628, said:

"The defendant sureties demurred to the record

on the ground that the indictment was fatally defective
and charged no offense, etc.; that there was a variance
and repugnance between the *scire facias* and the recog-
nizance, the former charging the obtaining *goods* under
false pretenses, and the latter charging that *money* was
obtained under false pretenses. The court held the de-
murrer well taken, and the defendant sureties were ad-
judged to go without day, etc.

"This action of the trial court was erroneous. The
indictment was undoubtedly bad, both in form and sub-
stance, since it did not inform, and had no tendency to
inform, the accused of the nature and cause of the ac-
cusation against him, and thus violated section 22 of our
Bill of Rights, to say nothing of common fairness.
[State v. Fleming, ante, p. 377.]

"But notwithstanding the insufficiency of the in-
dictment, such insufficiency constitutes no ground what-
ever for failure to comply with the conditions of the
recognizance. [State v. Poston, 63 Mo. 521; State v.
Millsaps, 69 Mo. 359.]"

In State v. Morgan, 124 Mo. l. c. 474, BURGESS,
J., speaking for this court, upon the subject now under
discussion, very clearly and forcibly stated the rule
upon this proposition. He said:

"Defendant's first insistence is that the indictment
against Morgan, alias Atkins, was invalid and for that
reason there was no authority in the circuit court of
Macon county to order the recognizance forfeited or to
enforce a forfeiture thereof by *scire facias*. This con-
tention is not borne out by the facts in the case. Upon
the contrary the indictment was held good by this court
in State v. Morgan, 112 Mo. 202.

"It matters not that similar indictments drawn un-
der the same section may have since been held bad and
that case overruled, that afforded no legal excuse for
the failure of the defendant to appear in the Supreme
Court according to the condition of his recognizance.

"Nor do we think the validity or invalidity of the

indictment in the principal case, can be inquired into in this proceeding. The purpose of the recognizance was to secure the appearance of the principal therein named according to its terms and conditions, which in no way depended upon the validity of the indictment under which he had been convicted.''

The correctness of the rule upon this subject, as repeatedly announced in this court, is no longer an open question.

The clause in the recognizance, ''Not to depart the court without leave,'' is a very significant one when we undertake to assign a reason for the rule. This was clearly pointed out in State v. Poston, 63 Mo. 521, where it was said: ''The indictment was in all probability fatally defective, but this makes no difference, as the condition of the recognizance was such that it not only required the appearance of the accused to answer the indictment, but also not to depart the court without leave. Thus in Champlain v. The People (2 Comst. 82), it was held no defense that no indictment was found, where the recognizance was conditioned to appear and answer an indictment to be found and not to depart, and this on the ground that the indicted party was not entitled to his discharge as a matter of course. So also in People v. Stager (10 Wend. 431), it was held that the clause 'that he shall not depart until discharged' is unnecessary in respect to the charge which is the basis of the recognizance; that its use is to detain the party on other charges that may be preferred against him. A similar view of the ends to be accomplished by such a clause in a recognizance is taken in the earlier books. [Hawk., Pl. Cr., ch. 15, sec. 84.] And there is no substantial difference between a recognizance at common law and the one provided for by our statute. It is of frequent occurrence in practice that a *nolle prosequi* is entered as to a pending indictment, with the view of having another found, and it was no doubt to meet this

and similar exigencies that the clause above mentioned was inserted.''

It is unnecessary to express an opinion upon the validity of the indictment. Under the terms of the recognizance, it was immaterial whether the indictment was good or bad; the obligation required that defendant's principal should not only appear, but should not depart the court without leave as well. Finding no reversible error in the record before us, the judgment of the circuit court making the forfeiture of the recognizance absolute, and its entry of judgment for the amount of the penalty therein contained, is affirmed. *Gantt, P. J.,* concurs; *Burgess, J.,* absent.