## THE STATE v. FRED FILLINGHAM et al.; CHARLES FILLINGHAM, Appellant.

### Division Two, November 24, 1908.

**RECOGNIZANCE: Not to Depart: New Information.** Where an information was filed, and defendant entered into a recognizance to appear "from day to day during the present term, and on the first day and from day to day of any future term thereof to which this cause may be continued to answer an information . . . for the offense of an assault to kill, and shall not depart said court without leave thereof," and the cause was continued and at a subsequent term another information was filed charging the same offense, the recognizance may be forfeited and judgment taken against the surety for defendant's failure to thereafter appear on a day to which the cause was continued. The first information became invalid upon the filing of the second, but the recognizance did not bind defendant to appear and answer the first information only, but also bound him "not to depart said court without leave," and thereby he was bound to appear not only to answer the first information but any subsequent charge that might be preferred.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Thos. B. Harvey* for appellant.

(1) Since the power of the court to require the defendant to give bail for his appearance rested solely upon the pending information, then necessarily so soon as the court lost its power to try him upon said information the bail bond given for that purpose became ineffective and without any vitality. The moment the

information was without life, the bond to answer to it was also without life. It is unreasonable to say that the bond requiring the defendant to answer to an information could remain effective while the information was ineffective and dead, and the court was without any power to try him on it. State v. Williams, 191 Mo. 205; State v. Mayer, 209 Mo. 396. (2) The court was without power or jurisdiction to try the defendant upon the first information while a second information was pending charging him with the same offense. R. S. 1899, sec. 2522; State v. Taylor, 171 Mo. 465; State v. Melvin, 166 Mo. 572.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

(1) The statute does not provide that the first indictment shall be "superseded," but "suspended" is the word used. Neither does it provide that upon the filing of the second indictment, the first shall be quashed, *ipso facto.* It says that the first "shall be quashed." But it cannot be quashed unless some effort is made to quash it, and the defendant took no such step in this case. The first information was, therefore, in full force and effect, but lying dormant, when the defendant defaulted. If, under the circumstances, the second information had beeen quashed, the effect would have been to revive the first information by removing the only obstacle which caused its suspension. State v. Melvin, 166 Mo. 565. The second information was but a continuation of the proceedings begun under the first information. State v. Daugherty, 106 Mo. 182. (2) Under the clause of the bond, "shall not depart the said court without leave thereof," the liability of the surety Fillingham attached when the principal failed to appear on July 7, 1905, because on said day he departed the

214 Sup.—24

court "without leave." State v. Hoeffner, 68 Mo. App. 165; State v. Boehm, 184 Mo. 201. (3) The object of a bond given in a criminal case is to secure the presence of the defendant in court to answer to an "offense" charged. Thus, the Constitution (Sec. 24, art. 2), provides that all persons shall be bailable, except for "capital offenses." So, all through the statutes, wherever bail is referred to, it is referred to in connection with an "offense," or "criminal offense," or "offense charged." The following sections of the Revised Statutes are in point: Sections 2543, 2555, 2759, 2460, 2461, 2462 and 2469. Under section 2800, Revised Statutes 1899, no proceeding upon a recognizance is to be defeated, if it appears from the whole record "that the defendant was legally in custody charged with a criminal offense; that he was discharged therefrom by reason of the giving of the recognizance and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at the term or time specified for trial." State v. Epstein, 186 Mo. 99.

GANTT, J.—On October 26, 1903, the circuit attorney of the city of St. Louis filed an information, numbered seventy-one, in the circuit court, wherein he charged Fred Fillingham with having on the 19th day of May, 1903, made a felonious assault upon one Emma Fillingham. On May 1, 1905, an *alias capias* was issued, and defendant was arrested, and upon the same day, with Charles Fillingham as his surety, he entered into the following recognizance:

"*State of Missouri, City of St. Louis, ss.*

"Be it remembered, that on the 1st day of May, in the year nineteen hundred and five, personally came before Robert M. Foster, Judge of the Circuit Court of the city of St. Louis, Division No. 11, within and for said city of St. Louis, Fred Fillingham (as prin-

cipal) and Charles Fillingham (as surety) and acknowledge themselves, jointly and severally, to owe to the State of Missouri the sum of one thousand dollars, to be levied of their respective goods and chattels, lands and tenements; yet upon condition that if the said Fred Fillingham shall personally appear before the circuit court of the city of St. Louis, Division No. 11, from day to day during the present term, and on the first day and from day to day of any future term thereof to which this cause may be continued, then and there to answer to an information preferred by the assistant circuit attorney of said city against said Fred Fillingham for the offense of assault to kill *and shall not depart the said court without leave thereof,* then this recognizance to be void, else to remain in full force and effect.

"Address of principal:    3134 Vinegrove Ave.
"FRED FILLINGHAM      (Seal)
CHARLES FILLINGHAM      (Seal)
"Taken and certified the year and day aforesaid.
"ROBERT M. FOSTER,
"Judge of the Circuit Court of the City of St. Louis, Division No. 11."

Thereafter on May 3, 1905, and at the April term, 1905, of said court, there was another information filed charging the same identical offense as that charged in the information numbered 71.    This new information, presumedly, was filed because the first one was not verified as required by the statute and the decisions of this court.    At the same term, the cause was set down for trial on May 17, 1905, and on that date was continued on the application of the defendant, to July 7, 1905.    On the last-mentioned date, the defendant defaulted, and thereupon he and his surety, Charles Fillingham, having been duly called according to the condition of the said recognizance, made default and a forfeiture of the said recognizance was

taken by the court and a new *capias* and *scire facias* ordered to issue, and thereupon on May 29, 1906, the *scire facias* was issued reciting all the above-mentioned facts and record and made returnable the first Monday in October, 1906. At the October term Charles Fillingham, the surety, filed his answer to the *scire facias* as follows:

"He denies each and every allegation contained in the said *scire facias*.

"2nd. And for further answer defendant states that the recognizance mentioned in said *scire facias* and which was executed on the first day of May, 1905, was given to release the defendant, Fred Fillingham, from arrest under an information that was then, on the said first day of May, 1905, pending in said court, and which had been filed therein on October 26, 1903; and that subsequently thereto, to-wit, on May 3, 1905, another information was issued and filed in said court charging the said Fred Fillingham with the commission of the same offense as that charged in the first aforesaid information, and that the effect of the filing of the said second information was to quash the first information and to discharge the defendant and his surety from the recognizance aforesaid, which had been given for the appearance of the principal to answer said first information; and the charge which was set down for trial on May 17, 1905, and subsequently on July 7, 1905, was that contained in the aforesaid second information, and the forfeiture was entered against the principal and his surety on July 7, 1905, because of the failure of the defendant, Fred Fillingham, to answer to the charge contained in said second information, and not for his failure to answer to the charge contained in the said first information, to answer to which said recognizance was executed.

"3rd. And further answering, defendant says that the aforesaid recognizance is insufficient in law

and that the record entries are insufficient to sustain the forfeiture of said recognizance and are insufficient to sustain a judgment on said recognizance.

"Wherefore defendants pray judgment against plaintiff." The circuit attorney filed a reply denying the new matters and facts pleaded in the answer. The cause coming on for hearing, the court rendered judgment for the State against the surety, Charles Fillingham alone, adjudging his answer insufficient. In due time he filed his motions for new trial and in arrest of judgment which were heard and overruled and thereupon he appealed to this court.

The legal propositions advanced by the defendant for the reversal of this judgment are that the recognizance was given by the defendant Fred Fillingham only to secure his appearance under the first information filed against him, and that the forfeiture was illegal because it was taken for his failure to appear to answer the second information. The substance of the argument for the learned counsel for the defendant is that the recognizance recites the obligation of the defendant Fred Fillingham "to answer to the information preferred by the assistant circuit attorney of said city for the offense of assault to kill," and that the power of the court to require the defendant to give bail for his appearance rested solely upon the pending information, and as soon as the court lost its power to try him upon said information, the bail bond given for that purpose became ineffective and without any vitality.

It will be observed that the learned counsel for the defendant omits from his statement of the language of the recognizance the words, "And shall not depart the said court without leave thereof." The contention of the defendant is based upon section 2522, Revised Statutes 1899, which provides: "If there be at any time pending against the same defendant two

indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by said second indictment, and shall be quashed.'' And inasmuch as it appears from the record in this case, that the information numbered 71 to answer which the bail was originally taken, was afterwards suspended by the filing of the information number 64, two days after the recognizance had been taken and approved, the first information was without life and the bond to answer it was without life, and the court had no longer any power over the defendant.

It is plain that the learned counsel for the defendant would restrict the recognizance to that clause which required the defendant to appear before the circuit court to answer the information preferred by the circuit attorney at the October term, 1903, and as that information was suspended by the filing of the second one, he argues that the defendant cannot have been in default on the 7th of July, 1905, when his presence was required by the court. It is not asserted, and indeed could not be, that the record discloses that there was any order discharging the defendant from this recognizance upon the filing of the second information. It seems to us that the principle which must govern this case was decided by this court in State v. Poston, 63 Mo. 521. In that case the effect of the clause, to-wit, ''That the defendant shall not depart the court without leave thereof,'' was considered, and it was said by this court that the fact that the indictment in that case was fatally defective made no difference, as the condition of the recognizance was such that it not only required the appearance of the accused to answer the indictment but also not to depart the court without leave. Champlain v. People, 2 Comst. (N. Y.) 82, was cited with approval, in which it was held that it was no defense that no indictment was found, where the

recognizance was conditioned to appear and answer an indictment to be found and not to depart, and this on the ground that the indicted party was not entitled to his discharge as a matter of course.    And so in People v. Stager, 10 Wend. 431, it was held that the clause, "He shall not depart until discharged," is unnecessary in respect to the charge which is the basis of the recognizance, but that its use is to detain the party on other charges that may be preferred against him.    [See, also, Hawkins, Pl. Cr., chap. 15, sec. 84.] And it was further said by this court in State v. Poston, supra, that "there is no substantial difference between a recognizance at common law and one provided for by our statute," and that "it is of frequent occurrence in practice that a *nolle prosequi* is entered as to a pending indictment, with the view of having another found, and it was no doubt to meet this and similar exigencies that the clause above mentioned was inserted."    Applying the reasoning of that case to the facts in this record, instead of entering the *nolle* the prosecuting attorney simply filed a new or amended information.    While it is not called an amended information, it is clear, we think, that such was the purpose of the pleader, because the two informations are identical in every respect save that the second is verified by an affidavit as the statute required, and which was clearly overlooked when the first information was filed.    The doctrine announced in State v. Poston was followed in State v. Millsaps, 69 Mo. 362; State v. Livingston, 117 Mo. 1. c. 628; State v. Morgan, 124 Mo. 1. c. 474; and State v. Boehm, 184 Mo. 201.

Under all of these decisions, it is clear that the defendant cannot restrict the recognizance to the one clause requiring him to answer to the information, but the whole record must be looked to and when that is done, he was bound not to depart the court at that particular term without its leave, and this it clearly

appears from the record he did, and it was for the breach of this clause that the forfeiture was taken, and upon which the judgment of the circuit court was rendered.

In view of the whole record, we think there was no error in the judgment of the circuit court, and it is accordingly affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.